

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Morris W. Hassell
County Attorney
Cherokee County
Rusk, Texas

Opinion No. O-7421

Re: Collection of $1.00
cost on each redemption
certificate by the Tax-
Assessor-Collector, and
related questions.

Dear Sir:

We have your letter of October 22, 1946, wherein
you request the opinion of this office on the above cap-
tioned subject. Your letter reads in part as follows:

"It has been discovered that the Tax Asses-
sor-Collector has not collected the $1 cost for
the years 1930-1940 inclusive, as provided for
in Article 7331 Revised Civil Statutes of the
State of Texas as amended. Nor has the fee of
5¢ per line, as set out in said Article, been
collected. We would, therefore, ask your opinion
on the following question:

"1. Since and including January 1, 1940, to
the present date, for what years from 1919 to the
present date on all taxes collected since and in-
cluding January 1, 1940, should the Tax Assessor-
Collector have collected the $1 cost on each re-
demption certificate that he has issued since and
including January 1, 1940 to the present date, as
set out in Article 7331, Revised Civil Statutes of
the State of Texas as amended?

"2. Is there any period, during the fore-
mentioned period, in which the Tax Assessor-Collector
was not required to collect the $1 cost aforesaid?

"3. Since and including January 1, 1940 to
the present date, for what years from 1919 to the
present date, on all taxes collected, since and
including January 1, 1940, should the Tax Assessor-

Collector have collected the 5¢ a line charge, as
provided for and set out in the aforesaid Article?"

The $1.00 fee as provided for in Article 7331,
V.A.R.C.S., and the fee of 5¢ per line for the preparation
of the delinquent tax record as set out in said Article should
have been collected for each year in which taxes were de-
linquent except as otherwise provided by House Bill 76, 47th
Leg., Reg. Session 1941, Ch. 359, p. 567. This act became
effective on May 26, 1941, and expired on November 1, 1941.
This act released all penalty and interest on delinquent,
ad valorem, and poll taxes where same were paid prior to
November 1, 1941. Section II of the act releasing cost, pro-
vided:

"Sec. 2. That all costs of every kind and
character that have accrued or attached or that may
hereafter accrue or attach to or by reason of de-
linquent poll or ad valorem taxes on which said poll
or ad valorem tax the interest and penalties have been
released by any of the provisions of this Act shall
be and the same are hereby released, and no such costs
shall hereafter be charged, collected, or accounted
for, provided, however, that any costs that are now
due and payable to any officer or official shall re-
main a valid obligation, notwithstanding the provision
hereof."

In construing said House Bill 76, this office, in
Opinion No. O-3634, held that said act was invalid insofar
as it attempted to remit costs and fees earned by the officers
prior to the passage of this act.

Article 7331, prior to the time it was amended by
the 41st Legislature, 4th Called Session 1929, provided:

". . . For preparing the annual delinquent list
of assessments charged to the tax collector upon the
tax roll, but which have not been collected at the
time of his annual settlement with the State and county,
separating the property previously sold to the State from
that reported sold as delinquent for preceding years
and for prorating the State taxes into State revenue,
State school and State pension, calculating the penalty,
extending it and adding it in with other taxes, balan-
cing the delinquent lists, and certifying it to the
commissioners' court and the Comptroller, the tax col-
lector shall be entitled to a fee of one dollar for
each correct assessment of land to be sold, said fee
to be taxed as costs against the delinquent. Provided
that in no case shall the State or county be liable for

Honorable Morris W. Hassell - Page 3

said fee, which shall be additional and cumulative of all other fees now allowed by law and shall not be accounted for under the fee bill, as fees of office.

"For checking up and taking off delinquency, separating and assorting various tracts or each assessment, prorating the taxes thereon, arranging the items by abstract numbers or lot and block numbers, and compiling the delinquent tax record herein required to be compiled whenever there shall be as many as two years of back taxes that have not been included in the delinquent record, the tax collector shall be paid out of the general fund of the county, five cents for each written line of the original of such delinquent record, not to exceed twenty-five cents for any one tract or abstract rendered, returned delinquent and owned by one taxpayer. Such fee to be taxed as costs, and be paid back into the general fund of the county when collected. . . ."

This act as amended in 1929 by the 41st Legislature, 4th Called Session, is now codified in V.A.R.C.S., as Article 7331 and provides in part as follows:

"For calculating and preparing redemption certificates and receipts, reporting and crediting redemptions, posting Comptroller's redemption numbers on the delinquent tax record or annual delinquent list, mailing certificates of redemption to taxpayers after approval by the Comptroller, and for issuing receipts or certificates of redemption for property shown on the annual delinquent list, the tax collector shall be entitled to a fee of one dollar ($1.00) for each correct assessment of land to be sold, said fee to be taxed as costs against the delinquent. Correct assessment as herein used means the inventory of all properties owned by an individual for any one year. Provided, that in no case shall the State or county be liable for said fee. For checking up and taking off delinquency, separating and assorting various tracts or each assessment, prorating the taxes thereon, arranging the items by abstract numbers or lot and block numbers, and compiling the delinquent tax record herein required to be compiled whenever there shall be as many as two years of back taxes that have not been included in the delinquent record, the tax collector shall be paid out of the general fund of the county, five cents for each written line of the original of such delinquent record, not to exceed twenty-five cents for any one tract or abstract rendered, returned delinquent and owned by one taxpayer;

such fee to be taxed as costs, and to be paid back into the general fund of the county when collected."
. . .

The casual reader of this statute prior to the amendment will note that the duties prescribed for the Tax Collector and for which he is entitled to a fee of $1.00 and a further fee of 5¢ a line for preparing the delinquent tax record, are duties which he performs from year to year. In cases where these duties have been performed by the Tax Collector, the fees therefor become due and any attempt by the Legislature to release these costs would, we think, be invalid, in view of the provisions of Article III of Section 55 of our State Constitution, which reads as follows:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State or to any county or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years."

We think the Legislature was cognizant of this Constitutional inhibition when in Section 2 of House Bill 76, releasing the costs, they added the proviso that any costs now due and payable to any officer or official shall remain a valid obligation notwithstanding the provisions hereof.

You will note that Article 7331, V.A.R.C.S., as it now appears, provides a wholly different set of duties that the Tax Collector must perform before he is entitled to the fee of $1.00. The duties there prescribed cannot be completed until such time as the delinquent taxes are paid. This being the case, they are not costs due and payable to an officer or official of this State prior to the effective date of House Bill 76, and thus we feel that the Legislature had the authority to release them. The Legislature having the authority to fix this fee chargeable against the delinquent taxpayers as costs, it follows that they had the authority to release same where, as here, Article 3 of Section 55 of the Constitution has not been violated. Thus we reaffirm the results reached in our Opinion O-3634, dated June 4, 1941, wherein we said:

"For delinquent taxes since the year 1930, and when Article 7331 was amended, the tax collector would not be entitled to his $1.00 fee as provided in Article 7331, because H. B. 76, 47th Legislature, Sec. 2, releases it if paid before November 1st, 1941, since it was not due at the time of the passage of the Act.

"For delinquent taxes before the year 1930, and from 1923 to 1930, the tax collector would be entitled to the cost of $1.00 as provided by Article 7331 in force at that time, since the services required of said Article had been performed before the passage of H. B. 76, 47th Legislature, Sec. 2, thereby making said fee due and payable at the time of its passage."

In regard to the fee of 5¢ per line for the preparation of delinquent tax records, you will note that when Article 7331, V.A.R.C.S. was amended in 1929 by the 4th Called Session of the 41st Legislature, which amendment became effective January 1, 1931, the provisions relating to this fee were not changed. This fee is allowed for a series of duties which the tax collector would ordinarily perform from year to year, and at such time as the duties prescribed therein are completed, the fee would become "earned" and constitute a "cost that is now due and payable to an officer or official" and would thus not be remitted by House Bill 76.

In Cameron County v. Fox (CCA) 42, S.W. (2) 653, affirmed, 61 S. W. (2) 483, we find the following language relating to the fee of 5¢ per line:

". . . As we have already indicated, the liability of the county to appellee for this item accrued and became absolute upon the performance of the service by appellee, and could not be affected by a subsequent Act of the Legislature. . . ."

Thus we conclude that the fee of $1.00 was collectible each year down to the present, except where delinquent taxes were paid during the effective dates of House Bill 76, that is, May 26, 1941, to November 1, 1941. If paid during that time, the fee should have been collected for each year up to January 1, 1931, the effective date of the amendment to Article 7331, V.A.R.C.S. The $1.00 fee was not collectible for the years subsequent to January 1, 1931, since the statute, as amended, prescribed a series of acts to be performed and the fee therefor cannot be regarded as earned until the whole service is performed. The logical conclusion, therefore, must be that the fee does not accrue until the taxes are paid by the taxpayer, and the redemption certificate is issued by the collector. (Cameron County v. Fox, supra) The fee, therefore, was not "earned" and was not "due and payable" on the effective date of H. B. 76, and thus was remitted.

The fee of 5¢ per line was collectible for each and every year down to the present, where the services as set out in the statute for which this fee is allowed were actually performed.

We have not answered your questions categorically for the reason that we feel that the above sufficiently disposes of all of them.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED DEC 7 1946

ATTORNEY GENERAL OF TEXAS

By     Robert T. Donahue

Robert T. Donahue
Assistant

RTD:jt



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN